**CONTINENTAL BAKING COMPANY, a Delaware corporation, Plaintiff,**

**v.**

**Paul Rand DIXON, Chairman, Federal Trade Commission; Philip Elman, A. Everette MacIntyre, James M. Nicholson, and Mary Gardiner Jones, Members, Federal Trade Commission, Defendants.**

**Civ. A. No. 3480.**

United States District Court
D. Delaware.
March 18, 1968.

---

William S. Megonigal, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and John H. Schafer, of Covington & Burling, Washington, D. C., of counsel, for plaintiff.

Alexander Greenfeld, U. S. Atty., and L. Vincent Ramunno, Asst. U. S. Atty., Wilmington, Del., Daniel H. Hanscom and Richard C. Foster, Attys. for the Federal Trade Commission, and William R. Weissman, Atty. for the Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Chief Judge.

This matter is before the Court on a petition by plaintiff Continental Baking Company for extraordinary equitable relief. It has asked that this Court permanently quash the order of defendant, Federal Trade Commission requiring it to file a special report with the Commission and also that a preliminary stay be issued suspending the penalty provisions of 15 U.S.C. § 45($l$) and 15 U.S.C. § 50 pending a resolution of plaintiff's dispute with the Commission. It has also asked that this Court declare that the business procedures stated in its compliance report are lawful.

In attempting to resolve the issues raised by the petition, the Court must weigh and balance a variety of factors. As a preliminary matter there is the question of whether the case is in a posture ripe for review. The record before the Court, in the form of affidavits and exhibits, reveals the following sequence of events:

On February 20, 1967, the Supreme Court having denied certiorari with respect to the judgment of the Ninth Circuit Court of Appeals affirming the order of the Federal Trade Commission in Bakers of Washington, Inc., requiring a number of baking concerns, including plaintiff, Continental, to cease and desist from engaging in certain violations of the anti-trust laws, that order became final.

Shortly thereafter, the Federal Trade Commission, pursuant to its statutory mandate, 16 C.F.R. § 3.26 (1967) ordered plaintiff to file a report indicating its compliance with the cease and desist order. This Continental did on May 5, 1967. On May 12, 1967 the Commission

notified Continental that its initial compliance report was unacceptable in that the information it contained was inadequate and incomplete and questioned certain practices disclosed therein as possibly not in compliance with the order. Thereafter on May 29, 1967 Continental filed a supplemental report. On January 17, 1968, the Commission notified plaintiff that its original report and supplemental report did not show compliance with the order. In addition, the Commission indicated that it could not make a final determination as to whether plaintiff was in violation of the cease and desist order until Continental had supplied it with additional information with respect to their several business practices at issue.

Continental complains that the delay of eight months between the submission of their supplemental compliance report and the Commission's ultimate rejection thereof was an unreasonable delay which ought to be given considerable weight in deciding whether the relief prayed for and particularly the stay of the penalty provisions of 15 U.S.C. § 45($l$) ought to be granted. Though, as will appear subsequently, in view of this Court's determination of that penalty question, Continental's fears are premature, the Court believes that Continental must bear some of the burden for the eight months delay. While that length of time does seem inordinate, this Court can imagine several legitimate reasons why the Commission might require such a period of time to make its determination. Furthermore, if Continental felt that it was being prejudiced by the delay, it could have gone to the Commission and requested advice as to whether its proposed course of action, as set forth in its two compliance reports did constitute compliance with the cease and desist order. 16 C.F.R. § 3.26(b). This it did not do. Thus, the Court cannot say that the almost eight months delay from May 29, 1967 to January 17, 1968 was primarily the fault of the Commission and therefore, the delay, standing alone, does not provide sufficient cause for the Court granting the relief sought.

Continental, however, objects to any further delays occasioned by the Commission while making its final determination as to their compliance. It is content to allow the Commission to take whatever time it wishes, so long as it is not being subject to mounting penalties for violation of the original order. Of course the Commission maintains that it cannot make such a determination until it receives from Continental the very information which Continental, in the instant proceeding, has asked this Court to order that it need not provide. Nevertheless, Continental argues that pending the negotiation and resolution of these various problems it cannot be made potentially liable for large penalties for each violation of the cease and desist order which it may be ultimately found to have committed. It argues that the Constitution and the applicable case law prohibit the assessment of penalties when to assess them would be to impose a high cost upon a party seeking to challenge the lawfulness of an order of an administrative agency. As Continental views the existing statutory scheme, it is subject to the penalties imposed by 15 U.S.C. § 45($l$) for each day that the controversy remains unresolved. Hence it has requested a stay of the penalty provisions during that time.

If the Court were to accept Continental's view of the relevant statutory provision it would be constrained to grant the stay requested, but as the Court reads the provisions of 15 U.S.C. § 45($l$) in conjunction with the rules and regulations of the Federal Trade Commission, the Commission has the obligation to determine and to inform parties whether and to what extent their conduct may be in violation of a cease and desist order. It is only after the Commission has made such a finding that the penalties contemplated by 15 U.S.C. § 45($l$) could be assessed, and only from that day forward. Any other interpretation of

the statute and regulations would raise serious questions of due process.

 In the instant case, the Commission concedes that it has made no decision as to whether plaintiff's conduct violates the cease and desist order. As this Court views the litigation at this preliminary stage, no penalties have accrued against which this Court could issue a stay, and thus, there is no justiciable controversy which would render the case ripe and proper for review.

There is also another bothersome question which militates against granting the relief prayed for. The dispute in which the parties are presently embroiled is ancillary to the cease and desist order. That order was reviewed by the Ninth Circuit Court of Appeals and was affirmed. By statute the right to a review of Federal Trade Commission orders is to the statutorily designated circuit court of appeals. Since the affirmance of the Federal Trade Commission's cease and desist order by the Ninth Circuit, the controversy between the government and Continental Baking has concerned the breadth and scope of the enforcement proceedings. While the plaintiff has made a strong and plausible argument that this Court may grant the relief prayed for, the Court is not fully persuaded that the proper court to seek the relief prayed for is not the Ninth Circuit Court of Appeals. It has been eight years since this case was commenced, and if the interests of both the public and the private litigants are to be protected and implemented it may be that the Ninth Circuit Court of Appeals, which is most conversant with the problems which may emanate from a proceeding to enforce its order, is the court which the plaintiff ought to petition for relief.

For the aforementioned reasons, plaintiff's motion for a stay of the penalty provisions of 15 U.S.C. § 45(*l*) is denied. This denial is, however, without prejudice to Continental's right to re-petition this Court for equitable relief if and when the Commission determines that Continental's conduct is in violation of the cease and desist order.

 Similarly, since the Commission has not yet decided whether the business procedures stated in Continental's compliance report are unlawful, plaintiff's request that those business procedures be declared to be lawful is premature and is also denied.

 Lastly, Continental's request that the Commission's order for a special report issued pursuant to 15 U.S.C. § 46 be permanently quashed is denied, but, extrapolating from the Supreme Court's logic in United States v. St. Regis Paper Co., 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed. 2d 240 (1961) the penalties imposed by 15 U.S.C. § 50 for a failure to file such a report will be stayed pending a resolution of Continental's challenge to the legality of that Federal Trade Commission order.

This memorandum decision shall be the Court's findings of fact and conclusions of law in accordance with F.R.Civ.P. 52(a), 28 U.S.C.

Submit order.